FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY T., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 2:19-CV-00030-JTR <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney Chad L. Hatfield represents Timothy T. (Plaintiff); Special Assistant United States Attorney Lars Joseph Nelson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on May 10, 2017, alleging disability since March 6, 2017,[2] due to pulmonary embolism, low back pain, insomnia, migraines, left shoulder injury, and left wrist injury. Tr. 85-86. The applications were denied initially and upon reconsideration. Tr. 131-39, 142-55. Administrative Law Judge (ALJ) R.J. Payne held a hearing on July 20, 2018, Tr. 33-82, and issued an unfavorable decision on August 22, 2018, Tr. 15-27. Plaintiff requested review from the Appeals Council. Tr. 211, 317. The Appeals Council denied the request for review on November 14, 2018. Tr. 1-5. The ALJ's August 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 18, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1988 and was 28 years old as of his alleged onset date. Tr. 25. He has a GED and his work history has been primarily in construction. Tr. 607. In February 2017, Plaintiff suffered a pulmonary embolism and was hospitalized for five days. Tr. 365. For the next several months he had difficulty breathing and was having significant coughing fits, including coughing up blood on a regular basis. Tr. 419, 438, 453, 462, 471, 482. He testified he was unable to do anything other than lay in bed and take medication. Tr. 56-58. In October 2017, Plaintiff began a training program with a siding business, but was unable to meet the work demands as he was missing too many days due to his breathing condition. Tr. 39. In Spring 2018, his medications were adjusted, and he returned to full time work in June. Tr. 40.

## STANDARD OF REVIEW

---

[2] Plaintiff later amended the alleged onset date to February 27, 2017. Tr. 42.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4),

416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 22, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairment: pulmonary embolism. Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20-21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform less than a full range of medium work and had the following specific limitations:

> The claimant can lift no more than 50 pounds at a time and lift or carry 20 pounds at a time frequently. He has no limitations sitting and can stand and walk six hours total, in any combination, in an eight-hour workday with normal breaks. He can frequently push or pull leg-foot controls within the weight limitations given. The claimant can occasionally stoop; balance; crouch; kneel; and crawl. He can frequently climb ramps and stairs. He can never climb ladders or scaffolds. The claimant can have occasional exposure to heavy industrial-type vibration. He can tolerate frequent exposure to marked temperature extremes of heat/cold, humidity and wetness. He can

> have no exposure to unprotected heights and hazardous moving machinery. He can never perform commercial driving due to the effects of prescribed medication (Warfarin).

Tr. 21.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a construction worker and field artillery crew member. Tr. 25.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing, including the jobs of kitchen helper, housekeeping cleaner, cafeteria attendant, and final assembler. Tr. 25-26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 26.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting the opinion of consultative examiner Dr. Dyck; (2) finding mental health impairments non-severe at step two; (3) rejecting Plaintiff's subjective complaints; and (4) making step five findings that are unsupported.

**DISCUSSION**

**1.    Step two**

Plaintiff argues the ALJ erred in finding his mental impairment to be non-severe at step two. ECF No. 14 at 11-12.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. §§ 404.1520(a)(ii), 416.920(a)(ii). An impairment is "not severe" if it does

not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Plaintiff asserts he has met his burden of demonstrating his anxiety is severe, and argues that the medical records and opinions are more than enough to meet the *de minimus* step two threshold. ECF No. 14 at 11-12. Defendant asserts the ALJ's rationale is supported by substantial evidence, and argues Plaintiff has simply offered an alternate interpretation of the record. ECF No. 15 at 3-5. Defendant further argues that even if the ALJ erred, any error was harmless because the primary symptom of anxiety reported by Plaintiff was shortness of breath and difficulty breathing, which are addressed in the RFC. *Id.* at 5-6.

The ALJ found Plaintiff's medically determinable impairment of anxiety did not cause more than minimal limitations in Plaintiff's ability to perform basic mental work activities and was therefore nonsevere. Tr. 18. In making this finding, the ALJ asserted Plaintiff did not describe any mental health symptoms and admitted the ability to independently perform his activities of daily living, which were wide-ranging. Tr. 18-19. The ALJ further relied on the records showing little or no abnormality in Plaintiff's mental status during routine medical care, and evidence that his mental health symptoms remained mild and stable even after he stopped taking psychotropic medication. Tr. 19. Finally, the ALJ afforded great weight to the psychological medical expert at the hearing, who reviewed the

entire record and found little or no objective findings consistent with significant mental status abnormality. *Id.*

The ALJ properly relied on substantial evidence in reaching the conclusion that Plaintiff's anxiety was nonsevere. The ALJ engaged in the required analysis of the so-called "Paragraph B" criteria in assessing the severity of Plaintiff's mental health. Tr. 20. "[W]hen the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Though Plaintiff offers an alternative interpretation of the evidence, he identifies no specific legal error in the ALJ's rationale. The Court finds the ALJ's analysis to be supported by substantial evidence.

**2. Opinion evidence**

Plaintiff alleges the ALJ improperly rejected the opinion of consultative examiner Dr. Dennis Dyck, PhD. ECF No. 14 at 9-11.

When an examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons" to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

On December 1, 2017, Plaintiff underwent a consultative psychological exam with Dr. Dyck. Tr. 606-09. Dr. Dyck diagnosed Plaintiff with generalized anxiety disorder with moderate symptoms. Tr. 608. He offered the following comments regarding Plaintiff's functional abilities:

> His ability to interact with coworkers and the public is likely mildly impaired. Due to his anxiety, his ability to maintain regular attendance in the workplace is moderately impaired. His ability to

> complete a normal workday or workweek without interruption from his anxiety is likely mildly to moderately impaired. His ability to deal with the usual stress encountered in the workplace is moderately impaired if it involves being around other individuals. He appears to have significant physical limitations that would be better assessed by a medical provider.

Tr. 609.

The ALJ gave the opinion partial weight, noting the lack of objective findings of mental status abnormality, Plaintiff's improvement with medication, and his wide range of independent activities of daily living. Tr. 19-20. The ALJ further noted some of Dr. Dyck's conclusions were inconsistent with the absence of objective findings, and that the opinion was internally inconsistent in finding no more than a mild impairment in interacting with others, but still concluding Plaintiff would have moderate limitations in dealing with stressors if it involved being around other individuals. Tr. 20.

Plaintiff argues the ALJ erred in failing to address the opinion regarding maintaining attendance, offered no specific reasons for rejecting any of the limitations, and otherwise concluded that the opinion was supported by objective evidence and was consistent with the record. ECF No. 14 at 10-11. Defendant argues the ALJ reasonably gave more weight to the medical expert who testified at the hearing, and that the ALJ did not outright reject Dr. Dyck's opinion, as it was not phrased in terms of concrete functional limitations. ECF No. 15 at 6-7. Defendant further asserts that, to the extent the ALJ did reject the opinion, he gave sufficient reasons. *Id.* at 7-9.

The Court finds the ALJ did not err in his evaluation. An ALJ may consider an opinion's consistency with the record as a whole and the amount of explanation offered by the source in determining the weight assigned. 20 C.F.R. §§ 404.1527(c), 416.927(c). An ALJ may also reject an opinion that is internally inconsistent. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir.

1999). The ALJ's assessment of Dr. Dyck's opinion as appearing internally inconsistent and lacking explanation for the moderate limits assessed is a reasonable interpretation of the record.

**3.     Plaintiff's symptom statements**

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 14 at 12-17.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. The ALJ found Plaintiff's allegations to be undermined by his activities of daily living, his work activity during the period of claimed disability, his improvement with treatment, lack of support from the objective medical evidence, and treatment noncompliance. Tr. 22-24.

Plaintiff argues the ALJ engaged in a general review of the medical evidence and treatment, and failed to explain how the evidence discounted Plaintiff's subjective statements. He also asserts the ALJ repeatedly misstated the standard for disability when citing evidence that did not indicate total incapacity to work, as an individual need not be totally incapacitated in order to qualify for disability. Plaintiff further argues the ALJ improperly ignored medical opinions supportive of Plaintiff's testimony and improperly cited isolated instances of improvement that

did not accurately represent the waxing and waning of symptoms. ECF No. 14 at 12-17.

Defendant asserts the ALJ did not apply the incorrect standard, and rather appropriately assessed a variety of legitimate factors that indicate Plaintiff's allegations were less than reliable. ECF No. 15 at 9-17.

As an initial matter, the Court finds no error in the standards applied by the ALJ. Plaintiff is correct that the Social Security Act does not demand complete incapacity in order for a claimant to be eligible for benefits. Social Security Ruling 96-8p; *Smolen*, 80 F.3d at 1287 n.7 ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits."). However, the ALJ's use of the phrases "total disability" and "total incapacity to work," when read in context, do not indicate the ALJ abrogated the standard for disability. Tr. 22. The ALJ accurately set forth the standards for disability in his statement of applicable law, and completed the five step sequential evaluation process.

The Court finds that the ALJ's reasoning is supported by substantial evidence. In assessing a claimant's subjective symptom complaints, an ALJ may consider the claimant's daily activities, precipitating and aggravating factors, and the type and effectiveness of treatments. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). A claimant's daily activities may support an adverse credibility finding if the activities contradict his other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Unexplained or inadequately explained reasons for failing to seek medical treatment or follow prescribed courses of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ appropriately relied on the above factors in reaching his conclusions regarding the

reliability of Plaintiff's symptoms allegations. The ALJ's interpretation of the record is supported by substantial evidence.

**4.    Step five findings**

Plaintiff argues that the ALJ erred in his step five determination because the testimony of the vocational expert was premised on an incomplete hypothetical stemming from an inaccurate residual functional capacity determination. ECF No. 14 at 17-18. Plaintiff's argument is based on successfully showing that the ALJ erred in his treatment of the symptom statements and medical opinions. *Id*. Because the Court finds that the ALJ did not harmfully err in his step two findings, rejection of Dr. Dyck, or evaluation of Plaintiff's subjective statements, Plaintiff's argument is without merit.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED February 24, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE